**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-4172

AYODEJI SHOMADE,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-96-450)

Submitted: September 2, 1997

Decided: September 26, 1997

Before HALL, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Matthew Alan Wartel, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Phillip Reitinger, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ayodeji Shomade appeals his conviction of unlawful re-entry by an illegal alien after deportation subsequent to a felony conviction in violation of 8 U.S.C.A. § 1326 (West Supp. 1997), and resulting sentence. Finding no reversible error, we affirm.

Shomade, a British citizen, first entered the United States in 1985. He violated the terms of his admission and was allowed to voluntarily depart later that year. He re-entered the United States in July 1991 under the Visa Waiver Pilot Program ("VWPP"). [1] The Immigration and Naturalization Service ("INS") eventually located Shomade in Georgia in August 1992, where he was held on unrelated state charges. The INS ordered Shomade deported, and he was deported without a hearing on August 12, 1992.

Shomade again re-entered the United States from Great Britain pursuant to the VWPP in February 1995.[2] In February 1996, INS officials located Shomade in Georgia and charged him with violating § 1326. Shomade was convicted of that offense and sentenced to six months imprisonment.[3] After serving his sentence, Shomade was again deported without a hearing in August 1996. Shomade attempted

_____

[1] 8 U.S.C.A. § 1187 (West Supp. 1997). This program allows aliens from certain countries to enter the United States without a visa for a stay of up to ninety days. To participate in the program, aliens must sign a form waiving any right "to contest, other than on the basis of an application for asylum, any action for deportation against the alien." § 1187(b)(2). The record discloses that Shomade signed the appropriate waiver form each time he re-entered the United States pursuant to the program.

[2] Shomade did not disclose his prior deportation on his waiver form as required, nor did he seek permission from the Attorney General to re-enter the country.

[3] Shomade appealed this conviction, and the Eleventh Circuit affirmed. See United States v. Shomade, 113 F.3d 1252 (11th Cir. 1997) (unpublished), petition for cert. filed, 65 U.S.L.W. ___ (U.S. June 16, 1997) (No. 96-9400).

to again re-enter the United States pursuant to the VWPP in October 1996, but he was apprehended at Dulles Airport. That re-entry resulted in the conviction and sentence before us on appeal.

At trial, Shomade asserted that his prior deportations were invalid because he was denied due process. Shomade also asserted that he did not knowingly or intelligently waive his rights when he signed the waiver form because he did not fully understand the effect of the waiver. The trial court rejected this assertion, expressly finding that Shomade, who is a (native born) British citizen who attended college in the United States and Great Britain and has no difficulty understanding English, knowingly and intelligently waived his right to a hearing prior to deportation when he signed the appropriate waiver forms.

It is illegal for an alien, who was previously deported, to re-enter or attempt to re-enter the United States without permission from the Attorney General. 8 U.S.C.A. § 1326 (West Supp. 1997). This offense requires that the prior deportation was legal. Shomade contends that the Government failed to prove this element. Shomade asserts he was denied due process in his 1992 and 1996 deportations in that he did not have a hearing and he was not advised of any of his rights, including his rights to consult with counsel or his consulate.

Though Shomade may collaterally attack his § 1326 conviction by demonstrating that his prior deportations were obtained under conditions which were "fundamentally unfair," see United States v. Mendoza-Lopez, 481 U.S. 828, 837-42 (1987), we find that Shomade's collateral attack in this case fails. The VWPP requires that an alien sign a form waiving any right "to contest, other than on the basis of an application for asylum, any action for deportation against the alien." 8 U.S.C.A. § 1187(b)(2) (West Supp. 1997). Shomade signed such a form prior to his entry into the United States in 1991 and 1995. Accordingly, he waived the rights he now asserts were improperly denied. Contrary to his allegations, we find that the record supports the district court's determination that Shomade knowingly and intelligently signed the waivers. The record discloses Shomade is well-educated and has no difficulty reading or understanding English.

3

Even if Shomade did not waive his right to contest his prior deportations, he fails to show how he was prejudiced by this error.[4] Shomade's sole contention on this point is that he might have been granted voluntary departure if he had a hearing and the opportunity to consult with counsel or his consulate. This position is speculative at best. The decision to grant a voluntary departure is highly discretionary, and given Shomade's prior criminal history, it is unlikely he would have prevailed. We therefore affirm Shomade's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____

[4] **See United States v. Espinoza-Farlo**, 34 F.3d 469, 471 (7th Cir. 1994) (applying harmless error analysis to hold that prior deportation hearing was not fundamentally unfair).